UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN CURRY,

                              Plaintiff,

      v.                                                          9:22-CV-0973
                                                                  (MAD/CFH)

STATE OF NEW YORK, et al.,

                              Defendants.
_____

APPEARANCES:

JOHN CURRY
Plaintiff, Pro Se
88-A-2854
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

       Pro se plaintiff John Curry commenced this action in the Eastern District of New York by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with application to proceed in forma pauperis. *See* Dkt. No. 1 ("Compl."); Dkt. No. 3 ("IFP Application"). On June 21, 2022, the Honorable Rachel P. Kovner ordered the action transferred to the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). *See* 6/21/22 Docket Order. Following an Order granting plaintiff's IFP Application,

the Honorable Laura Taylor Swain of the Southern District of New York reviewed the complaint for sufficiency in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and dismissed each of plaintiff's Section 1983 claims. Dkt. No. 19 ("Screening Order").[1] Judge Swain, however, also "construe[d] Plaintiff's claims for his release from incarceration and his restoration to parole as claims for habeas corpus relief under Section 2254[,]" and transferred the claims for habeas corpus relief to the Northern District of New York pursuant to 28 U.S.C. §§ 1406(a) and Southern District of New York Local Civil Rule 83.3 for this Court to decide whether "to allow Plaintiff the opportunity to withdraw his claims for Section 2254 habeas corpus relief before proceeding further[ in this action.]" *Id*. at 11-12. As a result, presently before this Court is the portion of plaintiff's Section 1983 complaint that asserts claims for Section 2254 habeas corpus relief.

## II.   DISCUSSION

The Screening Order was issued on September 8, 2022. Roughly two weeks earlier, plaintiff filed a habeas corpus petition in this District regarding his continued detention beyond his parole release date. *See Curry v. Annucci*, 9:22-CV-0878 (BKS) ("Curry Habeas Action"), Dkt. No. 1 (N.D.N.Y. filed Sept. 6, 2022). On September 6, 2022, plaintiff's habeas petition was transferred to the Eastern District of New York. *Id*., Dkt. No. 3.

Since plaintiff already has a habeas petition pending regarding the same subject matter that is currently before the Court in this action, it would be improper for this Court to sua sponte convert plaintiff's Section 1983 complaint to a habeas corpus petition under 28

---

[1] The Court dismissed plaintiff's claims for damages and injunctive relief under Section 1983 against the State of New York with prejudice as barred by the Eleventh Amendment, and dismissed plaintiff's Section 1983 claims for money damages and injunctive relief against the named defendants in their individual capacities "without prejudice to Plaintiff's reassertion of those claims after Plaintiff has been granted habeas corpus relief, or other relief, that would invalidate his current incarceration." *See* Screening Order at 6-8.

U.S.C. § 2254, and/or allow plaintiff to proceed in this action with claims for Section 2254 habeas corpus relief.  See *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *McGuire v. Inch*, No. 9:19-CV-1330 (GLS/CFH), 2019 WL 5788510, at *1-2 (N.D.N.Y. Nov. 6, 2019) (dismissing habeas petition without prejudice as duplicative of a previously filed petition).

### III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that, insofar as this action asserts claims for Section 2254 habeas corpus relief, it is **DISMISSED without prejudice** as duplicative of the pending Curry Habeas Action; and it is further

**ORDERED** that the Clerk is directed to terminate the defendants and close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: October 13, 2022
         Albany, NY

Mae A. D'Agostino
U.S. District Judge